**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

JASON CHRISTOPHER WARREN                                          PLAINTIFF

v.                                                              CIVIL ACTION NO. 4:17-CV-P65-JHM

HENDERSON COUNTY DEPT. CORRECTIONS et al.                         DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Jason Christopher Warren, proceeding *pro se* and *in forma pauperis*, initiated this 42 U.S.C. § 1983 action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, Plaintiff will be given an opportunity to amend.

**I. SUMMARY OF CLAIMS**

Plaintiff is a pretrial detainee currently housed at the Henderson County Detention Center (HCDC). He sues the Henderson County Department of Corrections and the Henderson Police Department.

Plaintiff alleges that on March 26, 2017, he was pulled over while riding a moped. At that time he was recovering from an injury to his right ankle/heel. He states that he had "pins sticking out of [his] right heal," yet he was made to stand on the side of the road "in pain crying and in massive amounts of pain for 5 to 10 mins" and then forced to walk more than 30 feet to the squad car. He alleges that he was "forced into the police car hitting the protected pin and made to walk without my crutches." He also alleges that he was pulled from the squad car and forced to walk in to the HCDC, where he collapsed in pain.

Plaintiff further alleges that he was told to unwrap his bandage making the pin coming out of his right heel visible, yet he was forced to walk to medical where he was given no pain medication and then forced to walk to a holding cell. He states that he was bleeding, yet was given no bandage and was later made to walk to be booked in to the facility.

Plaintiff states that he was forced to sleep on the floor where his ankle and foot were kicked and stepped on several times. He states that one of his pins became stuck in his mat and came out. He states that he did not see a doctor for two weeks and did not receive any pain medication for three weeks. He states that, even after his pins were removed, he was kept in general population where he had to sleep on the floor, resulting in his foot being kicked and stepped on. He alleges that his ankle is still painful and swollen.

As relief, Plaintiff asks for compensatory and punitive damages and release from incarceration so that he may seek outside treatment.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of*

*Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally

construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid

dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its

face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Defendants Henderson County Department of Corrections and the Henderson Police

Department are not persons subject to suit under § 1983 because municipal departments, such as

jails and police departments, are not suable under § 1983.  *See Rhodes v. McDannel*, 945 F.2d

117, 120 (6th Cir.1991) (holding that a police department may not be sued under § 1983); *see

also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959 at *2 (6th Cir. Nov. 6, 2000)

(holding that a jail is not an entity subject to suit under § 1983).  The claims against these

Defendants are actually brought against Henderson County.  *See Smallwood v. Jefferson Cty.

Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).  Further, Henderson County is a "person" for

purposes of § 1983.  *Monell v. New York Dept. of Soc. Servs.*, 436 U.S. 658 (1978).  The Court

will, therefore, construe the claims as being brought against Henderson County.

When a § 1983 claim is made against a municipality, like Henderson County, a court

must analyze two distinct issues:  (1) whether the plaintiff's harm was caused by a constitutional

violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City

of Harker Heights*, *Tex*., 503 U.S. 115, 120 (1992).  The Court will address the issues in reverse

order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in

other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."

*Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. at 691 (emphasis in original); *Searcy v.

City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345

(6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

In the instant case, the complaint does not identify a policy causing the alleged constitutional violations. Therefore, his claims against the named Defendants must be dismissed. However, the Court will allow Plaintiff an opportunity to amend to name specific individuals who he believes are responsible for the alleged violations. *See LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013) (a district court may allow a prisoner to amend a complaint to avoid *sua sponte* dismissal under the Prison Litigation Reform Act).

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that the claims against the Henderson County Department of Corrections and the Henderson Police Department are **DISMISSED** for failure to state a claim for which relief may be granted.

**IT IS FURTHER ORDERED** that **within 30 days** from the entry date of this Order, Plaintiff may file an amended complaint naming specific individuals in their individual capacities who he believes are responsible for the alleged violations.

The Clerk of Court is **DIRECTED** to send Plaintiff a 42 U.S.C. § 1983 form, with the word "Amended" and this case number written in the caption. The Court will conduct an initial review of Plaintiff's amended complaint pursuant to § 1915A. Should Plaintiff fail to file an amended complaint with the above information within the allotted amount of time, this action will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Henderson County Attorney
4414.009

5